IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 12-cv-02016-PAB-MJW

LYNDSEY PARKS, representative of a class of persons insured with USAA,

      Plaintiff,

v.

USAA and
AUTO INJURY SOLUTIONS (AIS), a Delaware corporation,

      Defendants.

---

### ORDER DENYING MOTION TO REMAND

---

      This is a putative class action, brought by class representative Lyndsey Parks,

alleging that United Services Automobile Association ("USAA") and Auto Injury

Solutions ("AIS") violated Colorado law governing automobile insurance by arbitrarily

reducing claims, improperly denying claims, conducting insufficient utilization reviews,

and using the incorrect schedules to calculate the value of claims.  Second Amended

Compl. [Docket No. 63] at 6-14; *see* COLO. REV. STAT. §§ 10-4-642, 10-3-1115, 10-3-

1116;[1] *see also Norwood v. Allied Group, Inc.*, 942 F. Supp. 477, 481 (D. Colo. 1996)

(holding that a personal injury protection insurer may not use the workers'

compensation schedule to determine amounts payable under Colorado Auto Accident

---

[1] Although there is generally no private right of action under the Colorado Unfair
Claims Practices Act, *see* COLO. REV. STAT. § 10-3-1114, there is an explicit exception
allowing private individuals to bring claims for violation of §§ 10-3-1115 and 10-3-1116.
*See* COLO. REV. STAT. §§ 10-3-1115(1)(b)(I), 10-3-1116(1).

Reparations Act).[2]

The complaint seeks compensatory damages in the amount of insurance claims that defendants allegedly should have paid out, but did not.  Docket No. 63 at 15, ¶ A. It also seeks applicable statutory penalties, namely (1) twice the amount of unpaid claims, (2) attorney's fees, (3) 10% annual interest on the first 180 days of unpaid bills, and (4) 15% annual interest thereafter.  *Id*. at 15, ¶¶ C-D; *see* §§ 10-3-1115(1), 10-3-1116(1), 10-4-642(7).  Finally, it purports to reserve the right to amend the complaint to seek exemplary damages for wilful and wanton conduct.  Docket No. 63 at 15, ¶ E.

## I.  BACKGROUND

Defendant USAA removed this case to federal district court under the Class Action Fairness Act of 2005 ("CAFA").  28 U.S.C. § 1332(d); Notice of Removal [Docket No. 1].  The notice of removal asserts that, under CAFA, all the requirements for removal have been met because the class representative is a citizen of a different state than both defendants,[3] there will be at least 500 class members, and the amount in controversy is significantly greater than the requisite $5,000,000.  *Id.*

---

[2] The complaint may also state a claim for breach of the duty of good faith and fair dealing.  Docket No. 63 at 4-6, ¶¶ 13, 23, 24.

[3] According to the complaint, Ms. Parks is a citizen of Colorado, USAA is a voluntary membership exchange organized under the laws of Texas, and AIS is a corporation organized under the laws of Delaware whose primary place of business is in Texas.  Docket No. 63 at 1-3, ¶¶ 1, 4-5, 9.  As USAA points out, for the purposes of CAFA jurisdiction, unincorporated associations are citizens of the state in which they are incorporated and the state in which they have their principal place of business.  28 U.S.C. § 1332(d)(10); *see* Docket No. 1 at 4, ¶ 12.

As evidence of the value of contested claims,[4] USAA offered the declaration of a Staff Claims Advisor, Joley Day-Mayfield, asserting that during the three years prior to the filing of the complaint, there were over 500 individuals who would quality for the plaintiff class with claims totaling over $2,575,680.  Docket No. 1-3 at 3, ¶¶ 7-8.  The declaration states that Ms. Day-Mayfield has "knowledge of and access to relevant corporate records and data systems" and that she has "undertaken an analysis of the business records and data systems" in order to arrive at the figures she provides.  *Id*. at 1-2, ¶¶ 2, 6.  Further, USAA offered several declarations asserting that the amount of attorney's fees will likely reach $1,000,000.  Docket No. 1-4 at 8, ¶ 19 (estimating attorney's fees through the end of trial of up to $1,363,725 for plaintiff's attorney); Docket No. 1-4 at 16; Docket No. 1-4 at 26.  USAA concludes that doubling the value of unpaid claims and adding interest and attorney's fees demonstrates that the amount in controversy exceeds $5,000,000, before the possibility of exemplary damages is even taken into account.  Docket No. 1 at 6-7, ¶¶ 17-21.

Plaintiff now moves to remand on the grounds that "[d]efendant USAA has not met its burden of proof regarding amount [sic] at issue."  Mot. to Remand [Docket No. 41] at 3, ¶ 5.  The motion to remand points out that the plaintiff's claims are based solely on state law and asserts that "[d]efendant has offered no evidence to suggest that there is a $5,000,000 cap."  *Id*. at 2, ¶ 3.  Plaintiff, however, ignores the declarations attached to the notice of removal regarding the amount in controversy

---

[4] This category includes all claims that were unpaid "within 30 days of receipt of the bill, on the ground that the medical documentation was not adequate to support that the charge was reimbursable."  Decl. of Joley Day-Mayfield, Docket No. 1-3 at 2-3, ¶ 5.

exceeding $5,000,000.  Moreover, plaintiff does not offer any evidence contradicting the declarations offered by USAA, or any arguments showing that an award of $5,000,000 or more would be legally impossible.  Defendant USAA opposes remand for the reasons initially stated in the notice of removal.  Resp. to Mot. to Remand [Docket No. 57].

## II.  DISCUSSION

The sole issue before the Court is whether the amount in controversy meets the $5,000,000 threshold required to establish federal jurisdiction under CAFA.

### A.  Requirements for Exercising Federal Jurisdiction Under CAFA

Under CAFA, district courts may exercise jurisdiction over any class action[5] so long as the amount in controversy exceeds $5,000,000,[6] the plaintiff class contains more than 100 members, and there is minimal diversity, meaning that any member of the plaintiff class is a citizen of a different state than any defendant.  28 U.S.C. §§ 1332(d)(2), (5).

A removing defendant bears the burden of showing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000.  *Frederick v. Hartford Underwriters Ins. Co.*, 683 F.3d 1242, 1246 (10th Cir. 2012).  In order to use punitive damages toward the total, the defendant must show that such damages are permitted under state law and that the total award, including compensatory and punitive

---

[5] A class action is defined as any case brought under Federal Rule of Civil Procedure 23 or an analogous state law allowing a representative to sue on behalf of a class.  28 U.S.C. § 1332(d)(1)(B).

[6] There is no requirement that each plaintiff meet a separate threshold; rather, claims are aggregated to meet the jurisdictional amount.  28 U.S.C. § 1332(d)(6).

damages, could exceed the jurisdictional amount. *Id*. at 1248. The defendant may accomplish the requisite showing by, for example, "compiling calculations from the complaint's allegations, relying on the plaintiff's settlement demands, or bringing forward other 'summary-judgment-type evidence,' such as affidavits, contentions, interrogatories or admissions." *Dudley-Barton v. Serv. Corp. Int'l*, No. 10-cv-03091-CMA-KLM, 2011 WL 1321955, at *2 (D. Colo. Apr. 5, 2011) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008)). If the defendant meets this burden, remand is only permissible if the plaintiff shows that it is legally impossible to recover more than $5,000,000. *Frederick*, 683 F.3d at 1247.

In order to decide whether USAA has met its burden, the Court must look beyond the face of the complaint to the "other documentation [that] can provide the basis for determining the amount in controversy." *McPhail*, 529 F.3d at 956. *See also Frederick*, 683 F.3d at 1244 (holding that a defendant is entitled to present his own estimate of the amount at stake).

**B.  Defendant USAA Has Met its Burden Under CAFA**.

It is undisputed that most of the CAFA requirements are satisfied in this case. It is a "class action" under the statutory definition since Ms. Parks is suing as a representative of a class and expressly seeking class certification. Docket No. 63 at 2, ¶ 2; *see* 28 U.S.C. § 1332(d)(1). There is not only minimal but possibly complete diversity between the parties since Ms. Parks is a citizen of Colorado (as are most of the other prospective class members, Docket No. 41 at 2, ¶ 2(c)) and the defendants are citizens of Texas and Delaware. Docket No. 63 at 1-3, ¶¶ 1, 4-5, 9. Additionally,

USAA "estimates that there are more than 500 putative class members" and plaintiff does not dispute this assertion.  Docket No. 1 at 5, ¶ 15; Docket No. 1-3 at 3, ¶ 7.  The sole dispute is thus whether the amount in controversy is sufficient to sustain removal under CAFA.

In *Frederick v. Hartford Underwriters*, the court held that the defendant insurance company met its evidentiary burden under CAFA by submitting the affidavit of its Director for Business Compliance, who attested to having overseen the extraction of data concerning relevant insurance claims and using it to calculate the company's potential liability.  No. 11-cv-02306-WJM-KLM, 2012 WL 4511242 at *2, (D. Colo. Oct. 1, 2012).  The affidavit detailed the process that the Director had used to arrive at the sum in question.  *Id*.  The court held that the defendant had "provided sufficient evidence, in the form of an affidavit, that Plaintiff's alleged actual damages are $2,960,998, and that an equal amount of punitive damages is possible in this case."  *Frederick*, 2012 WL 4511242, at *4.

Likewise, in *Ezell v. Graco Children's Products Inc.*, the court held that defendants' affidavit detailing their calculation of the amount in controversy was sufficient to show by a preponderance of the evidence that the amount exceeded $5,000,000.  2012 WL 4355966, at *1 (W.D. Okla. Sept. 24, 2012).  In that case, plaintiffs brought a class action against manufacturers for sale of defective booster seats.  *Id*.  Defendants submitted an affidavit showing that:

> 15,452 people with Oklahoma addresses registered booster seats within the time frame set out in the state court Petition. Defendants further develop their proof by setting forth the number of booster seats sold, 12,200,000, and the portion of that number registered, 1,600,000. Applying this same ratio of

registration to seats sold (13%), it is reasonable to infer that approximately 118,500 seats were sold in Oklahoma. Plaintiffs seek recovery of the replacement cost of the seat. The parties agree that a blended price is . . . $33.99.

The court held that this evidence was sufficient to show that the compensatory damages could total $3,976,830, which, when added to the potential punitive damages, would reach the necessary amount.  *Id.*

Although the affidavit submitted by USAA is not as detailed as those presented in *Frederick* and *Ezell* in its description of the method used to derive the number of claimants and the value of claims at issue, it is nonetheless sufficient to meet USAA's evidentiary burden under CAFA.  Plaintiff has made no countervailing legal argument or offered any facts showing that an award of $5,000,000 or more is legally impossible.

Therefore, it is

**ORDERED** that Plaintiff's Motion to Remand [Docket No. 41] is DENIED.

DATED October 26, 2012.

BY THE COURT:

 s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge