IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02016-PAB-MJW

LYNDSEY PARKS, representative on a class of
persons insured with USAA,

    Plaintiff,

v.

USAA and AUTO INJURY SOLUTIONS (AIS),
a Delaware corporation licensed to do business in Colorado

    Defendants.

---

**PROTECTIVE ORDER** *(Docket No 67-1)*

---

The following Protective Order is hereby entered with respect to confidential information discovered, disclosed, or received by any Party in this matter.

**I.    DEFINITIONS**

As used in this Protective Order,

A. "Material" means all or any part of any document as defined by Fed. R. Civ. P. 34 (a)(1)(A), testimony (including the witness's oral statement and the eventual transcript), affidavit, answer to interrogatories, response to requests for production, response to requests for admissions, or any other form of evidence, and other information in any form from a Party or non-party to this Litigation, whether provided voluntarily, through disclosure requirements or any means of discovery created or authorized by the Federal Rules of Civil Procedure or an Order of the Court.

1

B. "Confidential Material" means Material of any type, kind or character of a Party or non-party which is designated as confidential. Confidential Material includes any information that is subject to protection under F.R.C.P. 26(c) or other applicable law or by agreement of the Parties or Parties and a non-party. Any Party or non-party may designate as confidential any Material which they consider in good faith to be Confidential Material. Confidential Material may include, but is not limited to, information relating to or concerning personal financial, business or medical matters, trade secrets or other confidential research, development, or commercial information, including but not limited to information concerning the processes, operations, production, sales, income, profits, losses, savings, internal analysis of any of the aforementioned, training or marketing, pricing, insurance rating, internal forecasts, profits, executory contracts related to products, services and pricing, information deemed confidential by contract or employees, members or insureds personal information. Confidential Material shall also include any notes, summaries, compilations or other documents referencing Material which has been designated as confidential.

C. "Party or Parties" for the purpose of this Protective Order means the Plaintiff LYNDSEY PARKS, and the Defendants USAA and AIS.

D. "Disclosing Party" means a Party or non-party who discloses or produces Material designated as Confidential Material under this Protective Order.

E. "Designating Party" refers to a Party or non-party who designates Material as Confidential Material under this Protective Order.

F. "Receiving Party" refers to a Party who receives Confidential Material in disclosures or discovery and anyone to whom they are allowed to disclose Confidential Material under this Protective Order.

G. "Person(s)" shall include any "Party" or non-party to this action, whether an individual, corporation, partnership, company, unincorporated association, governmental agency, or other business or governmental entity.

H. "Litigation" refers to *Parks v. USAA and AIS*, in the United States District Court for the District of Colorado, Civil Action No. 12-cv-02016-PAB-MJW.

## II. PURPOSE AND SCOPE OF PROTECTIVE ORDER

Good cause exists for entering this Protective Order. The Court further finds and directs that:

2

A. This Protective Order applies with equal force to the Parties and to their counsel of record and any other counsel providing any legal services relating to the Litigation. Counsel includes the attorneys and their employees.

B. It is the intent of the Parties to disclose Confidential Material in compliance with all Federal Rules of Civil Procedure without waiving any protections or privileges relating to that Confidential Material and without subjecting the Parties and the Court to numerous motions to protect personal, private, proprietary, or trade secret information of the Parties.

C. The Parties are producing or disclosing Confidential Material in reliance on the terms and conditions of this Protective Order.

D. All Confidential Material produced or provided in the course of this Litigation, and the information obtained from examining the same, shall be used solely by the Receiving Party for the purposes of the proceedings in this Litigation, and not for any other purpose except with the written permission of the Designating Party. The Confidential Material shall not be disclosed to anyone, either orally or in writing, except in accordance with the terms of this Protective Order.

E. Production or Disclosure of Confidential Material is not an admission or concession that the Confidential Material is relevant or admissible in this Litigation and is not a waiver of the right of either Party to claim that Confidential Material is privileged or otherwise not discoverable.

F. Review of the Confidential Material by counsel, experts, or consultants for the Parties in the Litigation shall not waive the confidentiality of the Material or objections to production.

G. The inadvertent production of Material which a Party or non-party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege, work product immunity, and/or joint defense privilege ("Inadvertently Produced Privileged Material"), will not be deemed a waiver of any privilege. A Party or non-party may request the destruction or return of any Inadvertently Produced Privileged Material and all such Inadvertently Produced Privileged Material (including all copies thereof) shall be destroyed or returned to the producing Party within seventy-two hours. The return of any Inadvertently Produced Privileged Material shall not in any way preclude the Receiving Party from moving the Court for an order finding that: (i) the Material at issue was never privileged or otherwise immune from disclosure; or (ii) any applicable privilege or immunity has been waived by some act other

3

than the production of the Material at issue.

H. If, through inadvertence, a Party produces any Material containing Confidential Material during the course of this litigation without designating the Material as Confidential Material ("Inadvertently Mis-Designated Confidential Material"), such inadvertent production shall not constitute a waiver of the right to maintain the confidentiality of such Inadvertently Mis-Designated Confidential Material. Additionally, the producing Party may subsequently inform the Receiving Party in writing of the confidential nature of the Material and direct that the Confidential Material designation be applied to the Material. The Receiving Party shall thereafter treat the disclosed Material in accordance with this Protective Order and in accordance with the designation specified by the producing Party.

I. USAA and AIS have legitimate business interests in their own intellectual property, information, and processes, and an interest in protecting USAA members' information. The insurance industry is a highly competitive market and disclosure of trade secrets, confidential or proprietary information could cause significant and irreparable harm to USAA and its members, and to AIS. This Protective Order is intended to protect USAA and AIS from any foreseeable or unforeseeable harm resulting from disclosure of their Confidential Material.

## III. DESIGNATION OF MATERIAL AS CONFIDENTIAL

A. A Party shall designate Material as Confidential Material in the following manners:

1. By designating documents as confidential when they are disclosed or produced by placing on each page of such document a notation that the document is confidential or subject to this Protective Order. This may include placement of an appropriate overlay placed across the face of the document in the form substantially similar to that on Exhibit A. All Confidential Material (including interrogatory answers) shall be bates stamped/labeled or otherwise specifically identified.

2. By identifying Confidential Material included in a response to a request for production, interrogatory, or request for admission and marking any document as noted above.

3. By designating deposition testimony of a witness as confidential on the record at the time that the deposition testimony is elicited. The court reporter shall note on the record the portions of testimony designated as confidential. In the alternative, a Party may, within 45 days of receipt of the transcript, serve on

the other Parties and the court reporter a written designation identifying the specific pages and lines of the depositions or exhibits or portions thereof, deemed confidential. The court reporter shall note on the original of the deposition transcript that the testimony and or exhibits have been designated as confidential. The court reporter will not produce the original transcript until 60 days after the deposition.

   a) Transcripts will be considered to be Confidential Material for 45 days from receipt. Unless the deposition testimony or exhibits are designated as Confidential Material at the deposition or within the 45 day period after receipt of the transcript, confidentiality is waived, unless otherwise stipulated to by the Parties or further ordered by the Court.

4. In the event any Confidential Material is used in any court proceeding herein or resulting from this Protective Order, by requesting the Court to designate hearing or trial testimony or the hearing or trial exhibits as confidential at the time the testimony is elicited or documents are presented or prior to the witness testimony or designation of exhibits, through agreement of the Parties. Any Party may request that the proceeding be held in a manner consistent with protecting the Confidential Material from non-qualified Persons.

5. By marking electronic Confidential Material in a manner consistent with the manner in which the information is maintained. The confidential designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container of the medium, and within the medium itself in a manner that immediately and consistently informs those Persons who access the medium that they have accessed Confidential Material that is restricted from disclosure.

B. A confidential designation shall be made only upon the Designating Party's good faith belief that the Material is protectable under Fed. R. Civ. P. 26(c)(1), or other applicable law.

C. Any part of a claim file, underwriting file, or documents containing personal information of a member may be marked by USAA or AIS as Confidential. Plaintiff can determine if she wishes her individual claim file to be marked as Confidential.

IV. **OBJECTIONS TO DESIGNATION OF MATERIAL AS CONFIDENTIAL**

A. A Party may, through counsel, object to the designation of particular Confidential Material by giving written notice to counsel for the Designating Party. Such notice shall be served electronically through email or ECF. The written notice shall specifically identify the Material to which the objection is made by bates number or other clear designation. The Parties, through counsel, shall then make a good faith effort to resolve the dispute without Court intervention. If counsel for the Designating and Receiving Parties cannot resolve the objection within forty-five (45) days after the time the written notice is received (as calculated under the Federal Rules of Civil Procedure) or a longer time if agreed or ordered by the Court, the Designating Party may file an appropriate motion requesting that the Court determine whether the disputed Material should be subject to the terms of this Protective Order. If the Designating Party does not file an appropriate motion, the Material shall be deemed not confidential after the expiration of the time for filing of the motion. If the Designating Party does file an appropriate motion, the disputed Material shall be treated as Confidential Material until such time as the designation is removed by written agreement of the Parties or Order of the Court. Either Party may request that the Court hold a hearing with respect to such motion.

B. The Designating Party shall bear the burden of establishing that the Material qualifies as Confidential Material and good cause exists for the disputed information to be treated as confidential.

V. **PERSONS TO WHOM CONFIDENTIAL MATERIAL MAY BE PROVIDED**

A. Subject to the terms and conditions of this Protective Order, the undersigned counsel may permit other Persons or entities to possess and to view Confidential Material. Reasonable efforts will be made not to disclose the Confidential Material to any third Person or entity whatsoever, except to the following who are collectively referred to as Qualified Person(s):

1. Counsel of record and their associated or consulting attorneys actively working on this Litigation on behalf of a Party;

2. Employees or agents of the above counsel including Persons regularly employed or associated with such counsel including support staff, paralegal and clerical personnel whose assistance is required by said attorneys with respect to the Litigation;

6

3. Anyone retained by counsel for the Parties to assist in the preparation and trial of this Litigation, including specially retained experts and/or consultants, as long as the Person has a direct need to review the Confidential Material in order to provide the requested services, and provided that such Persons are first advised of, and agree in writing by executing the attached Exhibit B to be bound by the provisions of this Protective Order;

4. The Federal Court ("the Court"), and court personnel, including stenographic reporters regularly employed by the Court;

5. Stenographic or video reporters, court reporters, or other information technology specialists hired to copy documents, duplicate ESI, prepare hearing or trial exhibits, deposition transcripts and hearing or trial transcripts who are engaged by the Court or Parties as are necessarily incident to the representation of the client or the conduct of this Litigation provided that such person are first advised of, and agree in writing by executing the attached Exhibit D to be bound by the provisions of this Protective Order;

6. Deponents, witnesses, or prospective witnesses in the Litigation to the extent such disclosure is necessary for preparation, deposition, trial or other proceedings in this case;

7. Any employee of the Party or non-party that produced the Confidential Material;

8. Any Person who authored or received the Confidential Material at any time prior to its designation, or after such designation, as part of the Litigation or business operations of the Designating Party and mediators or arbitrators hired by the Parties;

9. Other Persons by written agreement of the Parties;

10. Any Person, if the Confidential Material is publicly disclosed by the Party that designated the Confidential Material, unless such disclosure was inadvertent.

B. Any Person or group of people who do not each meet the criteria of a Qualified Person as defined above, shall be deemed to be a "non-qualified Person" or "non-qualified Persons."

C. Copies of written acknowledgments obtained pursuant to Paragraph V. A 3. & 5. shall be retained by counsel for the Parties obtaining the acknowledgment. Except as to those Persons whose identities need not be disclosed in discovery,

such acknowledgments shall be produced to other Parties upon written request. All other such acknowledgements shall be retained for an *in camera* review by the Court to determine if good cause exists to require production of the acknowledgment.

D. The counsel for the Parties who received Confidential Material shall not grant possession of the Confidential Material to any Person or entity except as expressly authorized by the terms of this Protective Order.

## VI. DISCLOSURE IN RESPONSE TO COURT ORDERS

Nothing herein shall prevent any Party or third-party who has received Confidential Material pursuant to this Protective Order from producing such Confidential Material in response to a lawful subpoena or other compulsory process. The Party served with the non-party subpoena or other process must notify counsel for the Designating Party within seven (7) days of receipt of the subpoena or at least 48 hours prior to the time that the subpoena is to be complied with, whichever is earlier, in order to provide counsel for the Designating Party with sufficient information and an opportunity to protect the interests of the Designating Party by opposing the subpoena. If such notice is not practical the Party shall notify the Court that the Material is subject to a Protective Order and request that the Court not order the disclosure of the Confidential Material until such time as the Designating Party has been notified of the request for information and given an opportunity to protect its interests. In the event that production of such Confidential Material is ordered, it shall continue to be treated as Confidential Material by all Persons subject to this Protective Order unless and until this Court shall otherwise direct.

## VII. RETURN OF CONFIDENTIAL MATERIAL AT THE END OF LITIGATION

A. Within 30 days after the conclusion of this Litigation, unless other arrangements are agreed upon, all Confidential Material, including all copies, notes, tapes, papers and any other medium containing, summarizing, excerpting, or otherwise embodying any Confidential Material, shall be returned to the Designating Party or destroyed. The Receiving Party shall provide the Designating Party with an acknowledgement, in the form attached as Exhibit C, confirming the return or destruction of all Confidential Material in compliance with this Protective Order. Counsel may retain one copy of such Confidential Material to maintain a complete file to the extent required and for the time required by any State Rules. Any retained Confidential Material will remain subject to the terms and conditions of this Protective Order, and shall not be disclosed or used, without the consent of the Designating Party or further Order of the Court. This Protective Order will

  remain in effect after the completion of the case or the transfer of the case to some other court.

B. All individuals who have received Confidential Material shall certify in writing to the attorney providing them with the Confidential Material that all Confidential Material has been returned or destroyed. That attorney shall maintain copies of the same in his file for one year and shall have them available to provide to the Designating Party upon request.

## VIII. VIOLATION OF PROTECTIVE ORDER

Upon the Court's finding that a violation of this Protective Order has occurred, the Court may — *sua sponte* or on the motion of any Party — grant relief as it deems appropriate in law or equity.

## IX. USE OF CONFIDENTIAL MATERIAL

A. The Confidential Material, in any form, including but not limited to, any subsequently created notes or summaries containing, referencing or describing the Confidential Material, shall be used only in this Litigation.

B. The Confidential Material shall not be published or reproduced in any manner on the internet, blogs, bulletin boards, email, newspapers, magazines, bulletins, or other media available publicly or privately. Likewise, Persons may not verbally share the Confidential Material to non-qualified Persons.

C. In the event Confidential Material is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the Parties through such use. In the event that the Receiving Party intends to discuss in a court filing (or attach as an exhibit to any court filing) Confidential Material, then the Receiving Party shall notify the Designating Party of its intent to do so. Upon notice from the Receiving Party regarding such intent, the Designating Party shall determine whether the information the Receiving Party proposes to use in its court filing requires that the Receiving Party make such filing under seal. If the Designating Party determines that it is not necessary for the Receiving Party to make the filing under seal, the Designating Party shall so advise the Receiving Party. However, in the event that the Designating Party determines that such filing must be filed under seal and/or if the Designating Party requires additional time to make such a determination, then:

9

*Restricted Access*

   a. The Receiving Party shall make the filing under seal in accordance with the applicable rules and procedures for filing Document Restriction Level 1 materials under D.C.COLO.LCivR 7.2.D. and Colo. ECF Civil Procedures 6.1.B; and

   b. the Designating Party may then file, in accordance with D.C.COLO.LCivR 7.2.D, a motion to restrict access with respect to the Confidential Material filed under seal by the Receiving Party.

As provided in D.C.COLO.LCivR 7.2(D): "Any document that is the subject of a motion to restrict access may be filed as a restricted document, and will be subject to restriction until the motion is determined by the court. If a document is filed as a restricted document without an accompanying motion to restrict access, it will retain a Level 1 restriction for fourteen days. If no motion to restrict access is filed within such time period, the access restriction will expire and the document will be open to public inspection."

## X. OTHER PROVISIONS

   A. The Parties do not waive, and expressly retain the right to assert in the Litigation or other investigation or lawsuit, the application of any common law or statutory privileges or any theory of immunity from disclosure of the Confidential Material, in whole or in part, or in any form.

   B. A Party may seek and obtain, on an appropriate showing, additional protection (or relief from protection) with respect to the confidentiality of Material disclosed or produced in this Litigation.

   C. Nothing in this Protective Order is to be construed or used as a waiver of any rights, procedural or evidentiary objections, or privileges under either the applicable Rules of Civil Procedure or the Rules of Evidence.

   D. This Protective Order is entered into for the purposes of this Litigation only, and shall not apply to documents or things produced by any Party in any other litigation.

   E. Nothing in this Protective Order shall prejudice the right of any Party to make any use of or disclose to any Person any Material it has designated as Confidential Material, without prior court order, or to waive the provisions of this Protective Order with respect to any Confidential Material designated by that Party.

F. Nothing in this Protective Order shall prevent any Party from seeking other or different protection for documents or things or information in other unrelated litigation and or courts.

XI. **MODIFICATION OF PROTECTIVE ORDER**

A. This Protective Order may be modified only by Order of the Court.

B. The Parties may jointly or singly file a motion with the Court to modify the terms of this Protective Order for good cause shown, but the Parties and all Qualified Persons are bound by the terms of this Protective Order until the Court shall enter an Order modifying the same.

C. This Protective Order shall not prevent any Party from applying to the Court for further or additional Protective Orders.

D. By joint agreement, the Parties, through their counsel, may agree to any specific disclosure of Confidential Material in a particular circumstance without prejudice to the continued application of this Order regarding other uses of that Confidential Material.

E. Should any provision of this Protective Order be struck or held invalid by a court of competent jurisdiction, all remaining provisions shall remain in full force and effect.

XII. **SURVIVABILITY**

This Protective Order shall survive the termination of this case, and the Court shall retain jurisdiction to enforce the terms of this Protective Order [handwritten insertion: until Termination of this case unless the parties can Demonstrate Independent Federal Jurisdiction to enforce this Protective Order After Termination of this case.] Any Person who signs this Protective Order or who receives Confidential Material covered by this Order agrees to be subject to the jurisdiction of this Court with respect to any dispute involving

[handwritten initials: MJW 12-4-12]

11

the subject matter of this Protective Order.

Respectfully submitted, this 30th day of October, 2012.

| By: /s/ Marci A. Eisenstein<br>Marci A. Eisenstein<br>Jay Williams<br>Aphrodite Kokolis<br>David C. Scott<br>SCHIFF HARDIN LLP<br>233 S. Wacker Dr., Suite 6600<br>Chicago, IL 60606<br>Telephone: (312) 258-5500<br>meisenstein@schiffhardin.com<br>jwilliams@schiffhardin.com<br>dkokolis@schiffhardin.com<br>dscott@schiffhardin.com<br><br>-and-<br><br>Patricia M. Ayd<br>James D. Johnson<br>AYD & JOHNSON, P.C.<br>2025 York Street<br>Denver, CO 80205-5713<br>Telephone: (303) 864-0978<br>payd@ayd-johnson.com<br>jjohnson@ayd-johnson.com<br><br>Attorneys for Defendant<br>United Services Automobile Association | By: /s/ Amy Cook-Olson<br>Amy Cook-Olson<br>C. Todd Drake<br>MURPHY DECKER HENSEN & COOK-OLSON, P.C.<br>1510 West Canal Court, Suite 1500<br>Littleton, Colorado 80120<br>Telephone: (303) 468-5980<br>acookolson@murphy-deckerpc.com<br>tdrake@murphy-deckerpc.com<br><br>Attorneys for Defendant<br>Auto Injury Solutions, Inc. |
|---|---|

It is hereby ordered that the foregoing Protective Order [*As Amended*] shall govern these

proceedings.

Dated: December 4, 2012.

MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

13

**Exhibit A to Protective Order**
CONFIDENTIAL

See Protective Order

In the United States District Court
for the District of Colorado

Civil Action No. 12-cv-02016-PAB-MJW

Lyndsey Parks, Plaintiff, v USAA and Auto Injury Solutions, Defendants

# EXHIBIT B TO PROTECTIVE ORDER

## EXPERTS, CONSULTANTS OR WITNESSES
## ACKNOWLEDGMENT OF PROTECTIVE ORDER

1) My full name is _____

2) My address is _____

3) My present employer is _____

4) My present occupation or job description is _____

---

5) I have received a copy of the Protective Order entered in Parks v. USAA and Auto Injury Solutions, In the United State District Court for the District of Colorado, Civil Action No. 12-cv-02016-PAB-MJW. I have carefully read and understand the provisions of the Protective Order. I will comply with all of the provisions of the Protective Order.

6) I will not disclose any Confidential Material as defined in the Protective Order to any persons, except as allowed under the Protective Order. I will use any such Confidential Materials only with respect to the above litigation.

7) I will return or destroy all Confidential Material that comes into my possession and all documents which I have prepared which contain or reference Confidential Material to an attorney representing the party that has employed or retained me.

8) I submit to the jurisdiction of the United State District Court for the District of Colorado for the purposes of enforcement of the Protective Order.

DATED this _____ day of _____, 201__.

_____

## EXHIBIT C

### ACKNOWLEDGMENT OF RETURN OR DESTRUCTION OF CONFIDENTIAL MATERIAL

1) My full name is _____

2) My address is _____

3) My present employer is _____

4) My present occupation or job description is _____

_____

5) I have received a copy of the Protective Order entered in Lyndsey Parks v. USAA and Auto Injury Solutions, in the United States District Court for the District of Colorado, Civil Action No. 12-cv-02016-PAB-MJW and have previously agreed to be bound by the terms of that Protective Order. I have complied with all of the provisions of the Protective Order.

6) I hereby represent that in compliance with the terms of the Protective Order, I have returned to *[insert name of attorney retaining expert or consultant or consulting with witness]* _____ or destroyed all documents containing any Confidential Material that came into my possession including but not limited to all documents which I created or prepared which contained or referenced Confidential Material.

7) I submit to the continuing jurisdiction of the United States District Court for the purposes of enforcement of the Protective Order.

DATED this _____ day of _____, 201___.

_____

# EXHIBIT D

## SERVICE PROVIDER ACKNOWLEDGMENT OF PROTECTIVE ORDER

**In the United States District Court for the District of Colorado**
**Civil Action No. 12-cv-02016-PAB-MJW**
**Lyndsey Parks, Plaintiff, v USAA and Auto Injury Solutions, Defendants**

1. Service Provider Name _____
2. Service Provider address _____
3. Authorized Person _____
4. Employees Providing Services _____
   _____

5. I, [*Authorized Person*] _____ have received a copy of the Protective Order entered in this case. I have read the Protective Order and understand that during the course of rendering services relating to the above matter I or employees of _____ [*Service Provider Name*] may be provided with Confidential Material. I have reviewed the Protective Order with those employees who will be providing services requested by [*name of attorney requesting services*] _____ and have confirmed that those employees understand the requirements of the Protective Order with respect to Confidential Material.

6. I, [*Authorized Person*] _____ have the authority to state that [*Service Provider Name*] _____ will comply with all of the provisions of the Protective Order.

7. I, [*Authorized Person*] _____ and the employees of [*Service Provider Name*] will not disclose or distribute any Confidential Material to any persons. [*Service Provider Name*] _____ and its employees will not discuss the contents of the Confidential Material with any person.

8. [*Service Provider*] _____ will return all Confidential Material that come into its possession only to [*name of attorney or law firm retaining Service Provider*] _____.

DATED this _____ day of _____, 201___.

_____
[*Service Provider*]

_____
[*Authorized Person*]